UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT EVANS, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 13-cv-3411 |
| WEXFORD HEALTH SOLUTIONS, *et al.*, | ) Judge John W. Darrah |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Evans filed a Second Amended Complaint against Defendants, Ravyn Olin and Athena Rossiter, asserting 42 § U.S.C. 1983 claims against Defendant for the medical treatment Plaintiff received for his seizure disorder. Defendants filed a Motion for Summary Judgment. For the reasons set forth more fully below, Defendants' Motion for Summary Judgment [46] is granted.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other

materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff was an inmate with the Illinois Department of Corrections (the "IDOC") and was detained at Stateville Correctional Center's Northern Receiving Center. (DSOF, ¶ 1.) Defendant Rossiter is a Registered Nurse in Illinois and was employed as a Licensed Practical Nurse ("LPN") at Stateville. (*Id.* ¶ 9.) Defendant Olin is an LPN in Illinois and was employed at Big Muddy River Correctional Center. (*Id.* ¶ 10.) In June 2012, Olin was working as an LPN in Big Muddy's Health Care unit. (*Id.* ¶ 11.) On June 20, 2012, Plaintiff was transferred from Big Muddy to Stateville. (*Id.* ¶ 13.) On June 19, 2012, Olin filled out an Offender Health Status Transfer Summary. (*Id.* ¶ 14.) Olin indicated that Plaintiff had seizures and psychotic disorders. (*Id.* ¶ 15.) Olin listed Plaintiff's current medications and noted "low bunk" under Assistive Devices. (*Id.* ¶ 16.)

When Plaintiff was transferred to Stateville, he was evaluated by a nurse. (*Id.* ¶ 20.) Defendant Rossiter performed the intake screening and evaluation of Plaintiff on June 20, 2012.

(*Id.* ¶ 22.) Rossiter wrote out prescriptions for psychotropic medications as well as prescriptions for Keppra, 500 milligrams, and *Depakote, 250 milligrams*. (*Id.* ¶ 24) (emphasis added). On June 29, 2012, Plaintiff was admitted to the Stateville infirmary for observation for seizures. (*Id.* ¶ 26.) On June 30, 2012, Plaintiff was evaluated by a physician. (*Id.* ¶ 27.) The physician noted that Plaintiff sustained an epileptic seizure the previous night and put in an order for a "low-bunk, low-gallery permit." (*Id.*) On July 2, 2012, a physician's prescription order shows that Keppra, 500 milligrams, and *Depakote, 750 milligrams*, were ordered for Plaintiff. (*Id.* ¶ 28) (emphasis added).

On July 11, 2012, Plaintiff was transferred back to Big Muddy. (*Id.* ¶ 29.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Factual

3

disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015).

## ANALYSIS

Plaintiff alleges that Olin and Rossiter were deliberately indifferent to his health by failing to properly treat his seizure disorder. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, (1976)). Plaintiff must satisfy two elements to prove a deliberate indifference claim: one objective and one subjective. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). For the objective element, Plaintiff must show that he had an objectively serious medical need. *Id.* "A medical need is considered sufficiently serious if the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). For the subjective element, Plaintiff must show that Defendants "were aware of his serious medical need and were deliberately indifferent to it." *McGee*, 721 F.3d at 480. Deliberate indifference requires more than negligence or even malpractice. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In Count I, Plaintiff alleges that Rossiter exhibited deliberate indifference by failing to properly review Plaintiff's medical records and failing to issue a "low-bunk, low-gallery" permit. Rossiter testified that when inmates are temporarily transferred from another facility, they do not come with health records but, rather, a health status sheet. (Dkt. 48-3, pps. 38:16-39:3). Plaintiff has not presented facts to show that Rossiter had access to his medical records. Rossiter could

4

not have been deliberately indifferent in reviewing medical records that she did not have. Rossiter also testified that it is her custom and practice to give an inmate a low-bunk permit during their intake. (*Id.*, p. 58: 7-20.) Plaintiff disputes that Rossiter issued him a low-bunk permit. However, Plaintiff has not alleged, or shown any facts, that Rossiter refused to issue him a low-bunk permit. *See Moses v. Shah*, No. 11-CV-3370, 2011 WL 5289599, at *1 (C.D. Ill. Nov. 2, 2011) (denying summary judgment where doctor knew about previous low-bunk permits but refused to issue one). At most, the disputed facts show that Rossiter acted negligently and cannot sustain a claim under the Eighth Amendment. Defendants' Motion for Summary Judgment is granted as to Count I.

In Count II, Plaintiff alleges that Olin exhibited deliberate indifference by miswriting the dosage for his seizure medication on a transfer summary, causing him to receive the wrong dosage of Depakote, and failing to properly review Plaintiff's medical records and failing to issue a "low-bunk, low-gallery" permit. However, the facts do not show that the alleged mistake in Olin's writing was anything more than "inadvertent error, negligence or even ordinary malpractice," which "is insufficient to rise to the level of an Eighth Amendment constitutional violation." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). As to the allegation that Olin failed to review Plaintiff's medical records and prescribe a "low-bunk, low-gallery" permit, it is undisputed that Olin wrote "Low Bunk" under Assistive Devices on Plaintiff's transfer summary. (DSOF ¶ 16.) Plaintiff further admitted that Olin's only involvement was to prepare the transfer summary. (*Id.* ¶ 19.) There are no facts showing that Olin had the authority to prescribe a "low-bunk, low-gallery" permit for Plaintiff at a different facility. Defendants' Motion for Summary Judgment is granted as to Count II.

**CONCLUSION**

Defendants' Motion for Summary Judgment [46] is granted. Judgment is entered in Defendants' favor, and the civil case is closed.

Date:  March 3, 2016
JOHN W. DARRAH
United States District Court Judge